IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,130-02






EX PARTE TIMOTHY BECK, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 35,571-A IN THE 66TH JUDICIAL DISTRICT COURT


FROM HILL COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of attempted
tampering with or fabricating physical evidence and sentenced to twenty years' imprisonment. The
Tenth Court of Appeals affirmed his conviction. Beck v. State, No. 10-08-00365-CR (Tex. App. -
Waco, September 1, 2010, pet ref'd). ) 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate, failed to interview the State's witnesses, failed to object to the
empaneling of juror who was a personal friend of the prosecutor, failing to call Applicant's "alibi"
witnesses, failing to object to perjured testimony, failing to object to extraneous offense evidence
during the guilt/ innocence phase, failing to question whether the baggie introduced into evidence
was the same baggie handled by Applicant, failing to object to the testimony of a surprise witness,
failing to object to improper argument by the prosecutor, and failing to file a motion for new trial. 
 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain an affidavit from Applicant's trial counsel responding to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the indictment and
judgment, any written motions filed before trial, a transcript of the trial proceedings, and any other
documents relevant to Applicant's habeas claims. The trial court shall then make findings of fact
as to whether the performance of Applicant's trial attorney was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 29, 2012

Do not publish